UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| DENISE A. WINER AND JONATHAN WINER<br><br>Plaintiffs,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA<br><br>Defendant. | CIVIL CASE NO: _____<br><br>REMOVED FROM THE CIRCUIT COURT FOR BALTIMORE CITY<br>Case No.: 24-C-12-006246 OT |

**DEFENDANT LABORATORY CORPORATION OF AMERICA'S
NOTICE OF REMOVAL**

In accordance with the provisions of 28 U.S.C. §§ 1331, 1332(a), and 1446, Defendant Laboratory Corporation of America ("LabCorp") files this notice of removal. LabCorp avers as follows:

**A. INTRODUCTION**

1. Plaintiffs are Denise A. Winer and Jonathan Winer. Defendant is LabCorp.

2. On October 23, 2012, Plaintiffs filed their Complaint against LabCorp in the Circuit Court of Baltimore City, Maryland. Plaintiffs have alleged that several Pap smear slides were misinterpreted by LabCorp, causing a delay in Mrs. Winer's cancer diagnosis, an increase in her morbidity, and Mrs. Winer to undergo numerous surgical procedures. Mr. Winer alleges a loss of consortium claim.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 103(5)(a), a copy of the Complaint and Summons, which is all of the process, pleadings, documents, and orders that have been served upon LabCorp, is attached as Exhibit A.

4. LabCorp was served with Plaintiffs' Complaint on November 2, 2012. LabCorp files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

### B. BASIS FOR REMOVAL

5. LabCorp asserts that this Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

6. First, the parties to this action demonstrate the required degree of diversity to support removal. *See* 28 U.S.C. § 1332(a), (b). Plaintiffs are citizens and residents of Baltimore County, Maryland. *See* Compl. Caption; Compl. ¶¶ 6-7. LabCorp's principal place of business is Burlington, NC, and it is incorporated in Delaware. *See* Compl. Caption; Decl. of Lillian Caudle, dated Nov. 30, 2012, attached hereto as Exhibit B. Thus, the parties to this litigation are completely diverse.

7. Second, the amount in controversy exceeds the sum of $75,000. The amount in controversy requirement is satisfied based on the damage allegations made in Plaintiffs' Complaint. Plaintiffs' counsel's has also represented to LabCorp's counsel that the alleged measure of Plaintiffs' damages exceeds $75,000. *See* Decl. of L. Caudle.

8. Plaintiffs did not specify in their complaint the monetary amount that they are seeking. *See generally* Compl. If a "plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional minimum." *Gallagher v. Federal Signal Corp.*, 524 F. Supp. 2d 724, 726-27 (D. Md. 2007); *see also* 28 U.S.C. § 1446(c)(2)(B).

9. Plaintiffs' multitude of damage allegations are more than sufficient to establish that Plaintiffs' claimed damages exceed $75,000. For example, Plaintiffs allege that LabCorp's actions caused the following damages to Mrs. Winer:

(a) To "undergo a much more complicated and radical hysterectomy" and numerous further medical procedures. Compl ¶ 25.

(b) An "inherent" increase in morbidity. *Id.*

(c) A loss of income. *Id.* at ¶ 30

(d) To suffer from incontinence. *Id.* at ¶¶ 31, 35.

(e) "Substantial medical bills," both past and future. *Id.* at ¶¶ 31, 35.

(f) Permanent and disabling injuries. *Id.* at ¶ 35.

(g) Past and future physical pain. *Id.*

(h) "[S]evere mental anguish and fear of death" as well as "emotional pain and suffering." *Id.*

(i) A decreased quality of life and loss of enjoyment of life. *Id.*

(j) Requirement of medical, nursing, hospital, pharmaceutical, rehabilitative, and custodial care. *Id.*

10. Separately, Plaintiffs allege Mr. Winer sustained several kinds of damages, including loss of his spouse's companionship, services, and society; an impaired and depreciated marital relationship; great mental anguish; and financial burden. Compl. ¶ 39.

11. Based upon a fair reading of the Complaint, these allegations more likely than not assert a claim for alleged damages exceeding $75,000. *See Medina v. Provident Life and Acc. Ins. Co.*, 2011 WL 249502 at* 3 (D. Md. Jan. 24, 2011) (reasoning that the court may look to the

entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue); *see also Atari v. McNeal*, 159 F.Supp.2d 224, 225-26 (W.D.N.C. 2000) (concluding that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated" (internal citations omitted)); *Lily's LLC v. Motorists Mut. Ins. Co.*, No. 5:09-cv-122, 2010 WL 148378, at *2 (N.D. W. Va. Jan. 12, 2010) (applying a "common sense analysis" to determine that the plaintiff's claims exceed the jurisdictional minimum even though the plaintiff's complaint did not contain specific damage allegations).

12. Furthermore, prior to filing these removal papers, LabCorp's counsel spoke with Plaintiffs' counsel regarding the amount in controversy for this matter. Plaintiffs' counsel represented that Plaintiffs' alleged damages exceeded $75,000. *See* Decl. of L. Caudle.

13. Removal to this district and division is proper because this is the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 100; 28 U.S.C. § 1446(a).

14. Written notice of the filing of this Notice of Removal is being properly given to the Plaintiffs and a notice of filing of notice of removal to federal court is being promptly filed with the Clerk of the Circuit Court of Baltimore City, Maryland, as required by 28 U.S.C. § 1446(d). *See* Exhibit C (Notice of Filing of Notice of Removal).

15. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of LabCorp's right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3)

insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

### C. CONCLUSION

For these reasons, LabCorp respectfully removes this action from the Circuit Court of Baltimore City, Maryland to this Court. If any question arises as to the propriety of the removal of this action, LabCorp requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Dated: November 30, 2012                         Respectfully submitted,


/s/ Bruce R. Parker
Bruce R. Parker
Julie Galbo-Moyes
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400

Attorneys for Defendant,
*Laboratory Corporation of America*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Defendant Laboratory Corporation of America's Notice of Removal was served by first-class U.S. Mail, postage prepaid, this 30th day of November, 2012 upon the following:

> Howard Janet
> Giles H. Manely
> Jason B. Penn
> JANET, JENNER & SUGGS, LLC
> Commerce Centre, Suite 165
> 1777 Reisterstown Road
> Baltimore, MD 21208
> Phone: 410-653-3200
> Fax: 410-653-9030
> ***Counsel for Plaintiffs***

*[signature]*
Bruce R. Parker
Attorney for Defendant