| | | |
|---|---|---|
| DENISE A. WINER<br>25 Mansel Drive<br>Reisterstown, MD 21136 | *<br>*<br>* | IN THE<br><br>CIRCUIT COURT |
| and | * | FOR |
| JONATHAN WINER<br>25 Mansel Drive<br>Reisterstown, MD 21136 | *<br>*<br>* | BALTIMORE CITY |
| Plaintiffs | * | Case No.: _____ |
| v. | * | |
| LABORATORY CORPORATION<br>OF AMERICA<br>358 South Main Street<br>Burlington, NC 27215 | *<br>*<br>*<br>* | |
| SERVE ON RESIDENT AGENT:<br>CSC-Lawyers Incorporating<br>Service Company<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | *<br>*<br>*<br>* | |
| Defendant | *<br>* | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs, Denise A. Winer and Jonathan Winer, by their attorneys, Howard A. Janet, Giles H. Manley, Jason B. Penn, and Janet, Jenner & Suggs, LLC, hereby sue Laboratory Corporation of America, and for cause, Plaintiffs state the following:

### INTRODUCTION

1. On February 28, 2011 Denise Winer ("Mrs. Winer") underwent a robotic radical laparoscopic hysterectomy, bilateral salpingectomy and a lymph node dissection. In the months that followed, Mrs. Winer required numerous surgical interventions secondary to known complications arising from the radical hysterectomy. Mrs. Winer has experienced extensive pain

and suffering in conjunction with severe stress and anxiety, extensive medical bills and loss of consortium, arising from the deterioration of her health Mrs. Winer's injuries are a direct result of Defendant's failure to correctly interpret laboratory samples sent to its laboratory for reporting in 2007, 2008, and 2009

## JURISDICTION AND VENUE

2. Damages are in excess of the required jurisdictional amount

3 This Court has personal jurisdiction over Defendant pursuant to MD. CODE. ANN , CTS. & JUD. PROC , § 6-103 inasmuch as Defendant regularly does and solicits business in Maryland, engages in a persistent course of conduct in Maryland and/or derives substantial revenue from goods or services used in Maryland, and thus has purposefully availed itself of the privileges of conducting business activities in the state of Maryland.

4. Indeed, Defendant operates and has operated diagnostic centers and laboratories in this State and regularly solicits health care providers in Maryland to submit blood, tissue and cells to Defendant for testing, evaluation and analysis by Defendant's laboratories both inside and outside the State of Maryland

5. Venue as to all claims is invoked in Baltimore City pursuant to MD CODE ANN., CTS. & JUD. PROC., § 6-201 *et seq.*, inasmuch as Defendant carries on a regular business and/or is habitually engaged in a vocation in Baltimore City, and non-resident health care providers/defendants may be sued in any venue in the State.

## THE PARTIES

6. At all times pertinent hereto, Mrs. Winer was a citizen and resident of Stevenson, Maryland.

7. At all times pertinent hereto, Jonathan Winer ("Mr. Winer") was a citizen of Stevenson, Maryland.

8. Defendant Laboratory Corporation of America markets itself as being a provider of leading-edge medical laboratory tests and services to physician offices, hospitals, managed care organizations, and biotechnology and pharmaceutical companies nationwide.

9. Indeed, Defendant has asserted that it offers patients and physicians access to diagnostic laboratory services through its national network of primary clinical laboratories

10. Upon information and belief, some of those laboratories and centers are located in Maryland.

11. Defendant held itself out to the public as competent to conduct, evaluate and properly report the results of laboratory tests including Pap smears. They operated through their respective actual and/or apparent agents, servants and employees including, but not limited to, cytotechnologists and pathologists, who at times acted within the scope of his or her authority.

## FACTS COMMON TO ALL COUNTS

12. Denise Winer regularly received physical check-ups including Pap smears. A Pap smear detects cervical cancer and precancerous conditions through a laboratory test of cells scraped from a woman's cervix

13. Upon information and belief, Mrs. Winer's regular gynecologist, Dr. Jenny Faber, took the Pap smear scrapings in her Maryland office, forwarded them to Defendant for analysis and Defendant reported the results of their analysis of the specimens, in writing, back to Dr. Faber

14. Defendant knew, or should have known, that Dr. Faber would rely on its interpretation and report in directing Mrs. Winer's care

15. Pap smears taken of Mrs. Winer by Dr. Jenny Faber on or about October 24, 2007, November 3, 2008, and November 16, 2009, were sent to Defendant's laboratory for analysis and reporting.

16. The 2007 and 2008 Pap smears were sent to Laboratory Corporation of America's laboratory in Herndon, Virginia. The 2009 Pap smear was sent to Laboratory Corporation of America's laboratory in Charleston, West Virginia for analysis reporting

17. Upon information and belief, Defendant requires its employees to interpret a minimum number of slides per shift, a number too high to allow a complete and thorough examination of cytology slides.

18. In each instance, the Pap smears were read and reported by Defendant as negative for intraepithelial lesions and malignancy, otherwise stated, normal.

19. A Pap smear collected on November 17, 2010 was sent to Laboratory Corporation of America for analysis and reporting. Defendant this time reported the presence of abnormal cells In response to the reported presence of abnormal cells, Dr. Faber took several biopsies on or about December 13, 2010. The biopsies revealed that Mrs. Winer had endocervical adenocarcinoma in situ.

20. Dr Faber immediately referred Mrs. Winer to Dr. Fouad Abbas, a specialist in gynecologic cancers, including cervical.

21. Dr Abbas explained to Mrs Winer that she would either need a simple vaginal hysterectomy or possibly a much more complicated radical hysterectomy. Which one would be performed depended on whether there was evidence of invasive cancer at the time of surgery.

22. Subsequently, because invasion of the cancerous cells was highly suspicious on frozen section, Mrs. Winer underwent a radical hysterectomy. There was bilateral ureteral

injury, a known complication, during this surgery, requiring Mrs. Winer to undergo multiple further surgical procedures, suffering great physical and psychological pain, mental anguish, incontinence and humiliation.

23. A subsequent review of Mrs Winer's 2007, 2008 and 2009 Pap slides by an independent cytologist revealed abnormal cells that required reporting in all three years examined.

24. Defendant owed Mrs. Winer a duty to identify and report abnormal cells on her submitted Pap smears.

25. Defendant breached its duty to Mrs. Winer by failing to identify problematic and life-threatening cancer cells in her earlier Pap smear samples. Such failures caused this originally pre-cancerous lesion to go untreated for three years, thereby allowing it to progress from atypical glandular cells to carcinoma in situ and eventually invasive carcinoma Had her Pap smears been reported properly, Mrs Winer would have been cured with a simple cervical cone and/or simple vaginal hysterectomy. The delay in diagnosis resulted in Mrs. Winer having to undergo a much more complicated and radical hysterectomy, and the inherent increased morbidity associated with same As a direct consequence of the delay in diagnosis, Mrs. Winer has had to undergo numerous further medical procedures and suffer great physical pain and mental anguish

26. Had the Defendant adhered to the applicable standards of care, Mrs. Winer would not have suffered injury.

### ALLEGATIONS OF NEGLIGENCE COMMON TO ALL COUNTS

27 In preparing, evaluating, examining and reporting the aforementioned Pap smears of Mrs. Winer, Defendant, directly and through its respective actual and/or apparent agents,

servants and employees, owed her the duty to exercise that degree of ordinary skill, knowledge and judgment, exercised and employed by similar entities and/or persons engaged in same field of practice, in similar circumstances.

28. Defendant, directly and through its respective actual and/or apparent agents, servants and employees, breached that duty, breached the applicable standards of care and was negligent in the following ways, among others:

- A. Failing to properly prepare the Pap smear for reading and analysis;
- B. Failing to properly read and analyze the Pap smear;
- C. Failing to properly report the findings;
- D. Failing to report that the Pap smear was indicative of abnormal glandular cells and/or adenocarcinoma in situ;
- E. Failing to exercise reasonable care to properly hire, retain, train, and supervise its laboratory, diagnostic, and other personnel;
- F. Failing to institute proper protocols and precautions to prevent misinterpretation of test specimens and misreporting results of tests and examinations;
- G. Failing to provide sufficient resources and/or personnel to its diagnostic and laboratory facilities to ensure accurate interpretation of test specimens and accurate reporting thereof;
- H Failing to otherwise ensure that its agents, servants and employees complied with all state and federal regulations, and with the standard of care expected of reasonably prudent like persons working under the same

> or similar conditions, and to ensure that its personnel attended to their duties in an accurate fashion;
>
> I. Failing to report that additional studies were required to rule out cancer for Mrs Winer, and,
>
> J. Otherwise acting in a negligent manner and failing to meet the applicable standards of care

29. As a direct and proximate result of the aforesaid negligence of the Defendant, collectively and individually, there was a significant delay in the diagnosis of Mrs Winer's condition thereby causing her injury

30. As a further direct and proximate result of the aforesaid negligence, Mrs Winer was caused great physical and psychological pain, mental anguish, loss of income and other damages

31. Had Defendant met the applicable standards of care and not acted negligently, Mrs Winer's atypical glandular cells would not have progressed to invasive carcinoma and she would not have suffered injury. To this day, Mrs. Winer continues to suffer significant pain, stress and emotional and psychological distress, incontinence, incurring substantial medical bills for the injury.

## COUNT ONE – NEGLIGENCE

32. Plaintiffs adopt and incorporate all factual allegations contained in paragraphs 1 through 31

33 Defendant, directly and through its respective actual and/or apparent agents, servants and employees, owed the Plaintiff the duty to exercise that degree of care and skill

which reasonably competent like health care providers would have exercised under the same or similar circumstances.

34. Defendant, directly and through its respective actual and/or apparent agents, servants and employees, failed to act as a reasonably competent like health care provider would have acted under the same or similar circumstances, breached its duties, deviated from the acceptable standards of care, and was negligent in many ways, including but not limited to:

    A    Failing to properly prepare the Pap smear for reading and analysis;

    B.    Failing to properly read and analyze the Pap smear;

    C    Failing to properly report the findings;

    D    Failing to report that the Pap smear was indicative of abnormal glandular cells and/or adenocarcinoma in situ;

    E    Failing to exercise reasonable care to properly hire, retain, train, and supervise its laboratory, diagnostic, and other personnel;

    F.    Failing to institute proper protocols and precautions to prevent misinterpretation of test specimens and misreporting results of tests and examination;

    G    Failing to provide sufficient resources and/or personnel to its facilities to ensure accurate interpretation of test specimens and accurate reporting thereof;

    H    Failing to otherwise ensure that its agents, servants and employees complied with all state and federal regulations, and with the standard of care expected of reasonably prudent like persons working under the same

or similar conditions, and to ensure that its personnel attended to their duties in an accurate fashion;

I    Failing to report that additional studies were required to rule out cancer for Mrs Winer; and,

J.    Otherwise acting in a negligent manner and failing to meet the applicable standards of care.

35. The above reference negligence of the Defendant, without any negligence on the part of Denise Winer contributing thereto, proximately caused Denise Winer to suffer severe, painful, permanent and disabling injuries, including but not limited to past and future physical pain, incontinence, severe mental anguish and fear of death, emotional pain and suffering, decreased quality of life and the need for future medical, nursing, hospital, pharmaceutical, rehabilitative, and custodial care, loss of enjoyment and quality of life, medical and other expenses, past, present and future. Had Defendant adhered to the applicable standard of care, Denise Winer would not have suffered as she has in the past and will continue to suffer in the future, both economically and non-economically.

**WHEREFORE**, Plaintiff Denise Winer, requests that judgment be entered against the Defendant Laboratory Corporation of America in an amount that will fully, adequately, justly and fairly compensate Plaintiff, and interest thereon as allowed by law and the costs of this action.

### COUNT TWO – LOSS OF CONSORTIUM

36. Plaintiffs hereby adopt and incorporate all factual allegations contained in paragraphs 1 through 35.

37. Denise Winer and Jonathan Winer were husband and wife at the time of the occurrences referenced in this Complaint, and continue to be husband and wife

38. The negligent conduct of Defendant, directly and proximately caused injury to the marital relationship of Denise Winer and Jon Winer, including a loss of society, services, affection, assistance, comfort, companionship, and of sexual relations.

39. Mr. Winer has been caused, presently and in the future, to suffer of the loss of his spouse's companionship, services, society and the ability of Mrs. Winer, and has in those respects been impaired and depreciated, and the marital association between husband and wife has been altered and, accordingly, Mr. Winer has been caused great mental anguish and financial burden.

**WHEREFORE**, Plaintiffs Denise A. Winer and Jonathan Winer request that judgment be entered against Defendant Laboratory Corporation of America in an amount that will fully, adequately, justly and fairly compensate them, and interest thereon as allowed by law and the costs of this action.

Respectfully submitted,

Howard A. Janet, Esquire
Giles H. Manley, M.D., J.D.
Jason B. Penn, Esquire
JANET, JENNER, SUGGS, LLC
Commerce Centre East
1777 Reisterstown Road, Suite 165
Baltimore, Maryland 21208
(410) 653-3200

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| DENISE A. WINER, et al. | * | IN THE |
| Plaintiffs | * | CIRCUIT COURT |
| v. | * | FOR |
| LABORATORY CORPORATION OF AMERICA | * | BALTIMORE CITY |
| | * | Case No.: _____ |
| Defendant | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ELECTION FOR JURY TRIAL

Plaintiffs, Denise A Winer and Jonathan Winer, by and through their attorneys Howard A. Janet, Giles H. Manley, Jason B. Penn, and Janet, Jenner & Suggs, LLC, hereby elect to have this case tried by a jury.

Respectfully Submitted,

_/s/ Howard Janet_
Howard Janet, Esquire
Giles H. Manley, M.D., J D
Jason B. Penn, Esquire
JANET, JENNER & SUGGS, LLC
Commerce Centre, Suite 165
1777 Reisterstown Road
Baltimore, MD 21208
P. (410) 653-3200
F: (410) 653-9030
*Attorneys for Plaintiffs*